IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GREGORY A. PITTMAN                                                              PLAINTIFF

　　　　v.                             CIVIL NO. 2:20-cv-2014

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act.  (ECF Nos. 19, 20).  The Defendant (the Commissioner) has filed a response and the matter is now ripe for resolution.  (ECF No. 21).

On February 4, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,877.95 representing a total of .75 attorney hours for work performed in 2020 at an hourly rate of $198.00 and 33.15 attorney hours at an hourly rate of $203.00 for work performed in 2020.  (ECF No. 19-1).  On February 19, 2021, the Commissioner filed a response objecting to Plaintiff's request for .75 hours in 2019 for review of the file for consideration of an appeal, and communications with and/or correspondence to Plaintiff about an appeal and/or in forma pauperis forms as it is both administrative in nature and duplicative of the .75 hours requested between January 2, 2020 and January 27, 2020; 3.15 hours of time expended between February 1, 2020 and April 22, 2020, for tasks including preparation of the complaint, summonses, motion to proceed IFP, receiving and reviewing NEFs confirming the filing of the complaint, proof of service documents, and the calendaring deadlines related to the scheduling order; 1.00 hours for reviewing the Defendant's Answer; and, 2.00 hours for the preparation of the EAJA Motion.  (ECF No. 21).  On March 22,

2021, Plaintiff filed a response insisting that the 3.50 total hours spent in contemplation of the filing of the complaint was not administrative in nature and is compensable under the EAJA. *Wyson v. Colvin*, 2016 WL 1069683, at *3 (W.D. Ark. Mar. 17, 2016) (awarding some time for attorney work prior to the filing of the complaint).  Likewise, she contends that the 3.15 hours expended between February and April 2020 and objected to by the Commissioner is compensable, as this Court has previously awarded compensation for drafting/preparing the complaint, summonses, and motion to proceed in forma pauperis and receiving and reviewing the order scheduling oral argument, notice of appearance by defense counsel, and order granting motion to appear via telephone.  *See Gay v. Berryhill*, 2018 WL 905740, at *1 (W.D. Ark. Feb. 15, 2018) (awarding EAJA fees for preparing complaint, summonses, and motion to proceed in forma pauperis).  And, finally, Plaintiff asserts that the 2.0 attorney hours requested for the preparation of the EAJA motion is both reasonable and compensable under the EAJA.  *See Zabawa v. Colvin*, 2016 WL 164625, at *2 (W.D. Ark. Jan. 13, 2016); *Kelly v. Bowen*, 862 F.2d 1333, 1334 (8th Cir. 1988).  Plaintiff also requests an additional 3.00 attorney hours for the preparation of his reply.

After reviewing Plaintiff's motion, the Commissioner's response, and Plaintiff's reply, it is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case.  The record clearly shows that he is the prevailing party; the government's decision to deny benefits was not "substantially justified"; the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d  503, 504-505 (8th Cir.

2

1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

We agree that the Plaintiff is entitled to compensation for tasks performed prior to the filing of the complaint.  As previously held by this Court, counsel is expected to be familiar with the case prior to filing a complaint in federal court.  *Wyson*, 2016 WL 1069683, at *3.  This is true, even if she represented the client at the administrative level and will require her to review notes from the administrative proceedings, communicate with her client regarding the appellate process, determine whether her client is a candidate for in forma pauperis, and prepare the complaint and summonses for filing with the court.  *Id.*  However, we find some of the tasks to be duplicative and the overall time expended for these tasks to be excessive.

First, the Court finds the .75 hours requested for work performed in 2019 should be deducted from the total time allowed.  It is duplicative of tasks performed between January 2, 2020, and January 27, 2020.

Further, the Commissioner objects to 3.15 of the 4.90 hours requested between February 1, 2020, and April 2, 2020, for reviewing the record, conferring with her client, and preparing and filing the Complaint, summonses, and motion to proceed in forma pauperis.  While we do agree that these tasks are compensable under the EAJA, we find the time requested for the performance

3

of these task to be excessive.  *See Gay v. Berryhill*, 2018 WL 905740, at *1 (W.D. Ark. Feb. 15, 2018).  Having already reviewed the record to decide whether to file an appeal, counsel should not have needed to review the file again just to prepare the Complaint.  Further, unlike the appeal brief, the Complaint contains boilerplate language that requires little preparation time.  Therefore, we find that 3.00 hours for performing these tasks is sufficient and will reduce the total award by 1.90 attorney hours.

Likewise, we find Counsel's request for 1.00 hours for reviewing Defendant's answer and 3.00 hours for the preparation of his reply to the Commissioner's objections to his EAJA Motion to be excessive.  The answer is a three-page double spaced form document that is utilized by the Commissioner in all Social Security cases.  Review of this document should have taken an attorney as experienced as Plaintiff's counsel no more than .25 hours.  Further, the drafting and filing of Plaintiff's reply to the Commissioner's objections should have taken counsel no more than 1.50 hours. The Court routinely requests that counsel reply to any objections filed by the Commissioner, and the objections raised in this case were not novel.  Accordingly, 2.25 hours will be deducted from Plaintiff's total award.

The Commissioner also contends that the 2.00 hours Plaintiff requests in compensation for the preparation of the Motion for EAJA fees and its supporting documentation is excessive; however, this Court has consistently found that 2.00 hours is a reasonable amount of time for the preparation of these documents.  Plaintiff will be awarded the full 2.00 hours for this task.

Accordingly, the Plaintiff is awarded the sum of **$6,496.00** (0.00 (0.75-0.75) hours for work performed in 2019 + 32.00 (33.15 + 3 hours requested for reply to objections-4.15) hours for work performed in 2020 and 2021 at an hourly rate of $203.00) for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff.  As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 5th day of May, 2021.

*/s/ P. K. Holmes* III

P. K. HOLMES, III
U.S.  DISTRICT JUDGE